UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LA'RIA CHAPMAN,<br>Individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>LOGISTICARE SOLUTIONS, LLC,<br><br>**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff La'Ria Chapman ("Chapman") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Logisticare Solutions, LLC ("Logisticare" or "Defendant"), anywhere in the United States, at any time from October 7, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and Michigan common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal

knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Michigan, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Logisticare in call centers, anywhere in the United States, at any time from October 8, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Logisticare enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Logisticare's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Logisticare knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under Michigan state law as class actions pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that each Rule 23 class is certified as defined herein, that Plaintiff Chapman be named as the Class Representative of the Michigan Class.

## II.
## THE PARTIES

11.     Plaintiff La'Ria Chapman ("Chapman") was employed by Logisticare in Southfield, Michigan during the relevant time period. Plaintiff Chapman did not receive compensation for all hours worked, or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by Logisticare, anywhere in the United States, at any time from October 8, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13.     The Michigan Members are those current and former hourly call-center employees who were employed by Logisticare, in Michigan, at any time from October 8, 2014 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Chapman worked and was paid.

14.     Defendant Logisticare Solutions, LLC, is a foreign limited liability company licensed to and doing business in the State of Michigan, and can be served through its registered agent: **Registered Agent Solutions, Inc., 2285 S. Michigan Rd., Eaton Rapids, Michigan 48827.**

---

[1] The written consent of La'Ria Chapman is attached hereto as Exhibit A.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has general and specific personal jurisdiction over Logisticare because the cause of action arose within this District as a result of Logisticare's conduct within this District and Division.

18. Venue is proper in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Plaintiff Chapman worked for Logisticare in Southfield, Michigan which is located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Logisticare operates over thirty (30) call centers in order to provide its customers with help scheduling medical transportation.[2]

---

[2] https://www.logisticare.com/transportation.

22. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Logisticare's customers, answering customer inquiries, and assisting customers with scheduling medical transportation.

23. Plaintiff Chapman was employed by Logisticare in its call center located in Southfield, Michigan from approximately August 2019 until April 2020.

24. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

25. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

26. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) compensable hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

27. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Logisticare as a result of Logisticare's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

28. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—

all of which can take up to twenty-five (25) minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

29. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

30. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

31. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

32. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### Unpaid Work During Meal Period Breaks

33. Logisticare provides Plaintiff and the Putative Class Members' with one unpaid thirty-minute meal break each day.

34. However, Logisticare requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

35. Plaintiff and the Putative Class are required to stay on the clock and on calls until the minute their meal break begins, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

36. Plaintiff and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break end.

37. The log off process used prior to taking a meal break can take anywhere from one (1) to three (3) minutes.

38. The log in process used after returning from a meal break can take anywhere from another one (1) to three (3) minutes.

39. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break per Logisticare's policy.

## Unpaid Technical Downtime

40. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

41. At times, Plaintiff and the Putative Class Members would spend anywhere from ten minutes (10) to several hours in a day troubleshooting their computer or talking to technical support trying to get their computer to work so they could work.

42. In some instances, the Logisticare systems would not work at all and Plaintiff and the Putative Class Members would be sent home without any pay for that day despite having spent several hours troubleshooting or waiting (as they were ordered to do by their managers).

43. Logisticare requires Plaintiff and the Putative Class Members to actively troubleshoot their issues, but Logisticare does not pay Plaintiff and the Putative Class Members for any of their time spent rebooting or troubleshooting.

44. Plaintiff and the Putative Class Members were not compensated for the time they worked for Logisticare rebooting or troubleshooting Logisticare's computers after they crashed or experienced other technical difficulties.

### Unpaid Rest Breaks Lasting Twenty Minutes or Less

45. In addition, Logisticare also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 833 F.3d 420, 425 (3d Cir. 2017).

46. Logisticare permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

47. As a result of Logisticare's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal period breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not

compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

48. Logisticare has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

49. Logisticare is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

50. Because Logisticare did not pay Plaintiff and the Putative Class Members for all hours worked, and time and a half for all hours worked in excess of forty (40) in a workweek, Logisticare's pay policies and practices violate the FLSA.

51. Because Logisticare did not pay Plaintiff and the Putative Class Members for all straight time hours worked, Logisticare pay policies and practices also violate Michigan state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

52. Paragraphs 1–51 are fully incorporated herein.

53. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME**

**FROM OCTOBER 27, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

54. At all times hereinafter mentioned, Logisticare has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At all times hereinafter mentioned, Logisticare has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56. At all times hereinafter mentioned, Logisticare has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Logisticare, these individuals have provided services for Logisticare that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of

goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of Logisticare who assisted Logisticare's customers who live throughout the United States. 29 U.S.C. § 203(j).

60. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

61. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Logisticare.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

63. Logisticare has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per

week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, Logisticare knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the minimum wage and the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

65. Logisticare is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Logisticare to pay them according to the law.

67. The decisions and practices by Logisticare to not pay for all hours worked, the proper minimum wage for all hours at or below forty (40) hours in a workweek, and the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

68. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid the minimum wage for all hours worked at or below forty (40) hours per workweek and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Logisticare's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

71. Other similarly situated employees of Logisticare have been victimized by Logisticare's patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective Members are defined in Paragraph 53.

73. Logisticare's failure to pay Plaintiff and the FLSA Collective Members the overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Logisticare, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

74. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

76. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Logisticare will retain the proceeds of its rampant violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Michigan Common Law)

**A.   VIOLATIONS OF MICHIGAN COMMON LAW**

81. Paragraphs 1–80 are fully incorporated herein.

82. Plaintiff Chapman further brings this action pursuant to the Michigan common law equitable theory of unjust enrichment. *See Athan v. United States Steel,* 364 F. Supp. 3d 748, 754 (E.D. Mich. 2019) (recognizing that the FLSA does not cover unpaid straight-time wages).

83. The Michigan Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC,**

**ANYWHERE IN THE STATE OF MICHIGAN, AT ANY TIME FROM OCTOBER 27, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Michigan Class" or "Michigan Class Members").**

84. Plaintiff Chapman and the Michigan Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Logisticare.

85. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

86. Plaintiff Chapman and the Michigan Class Members conferred a valuable benefit on Logisticare because they provided services to Logisticare before and after their shifts—during their respective computer start-up times and after their shifts ended—without compensation.

87. Plaintiff Chapman and the Michigan Class Members conferred this benefit to Logisticare at their own expense, that is they worked for several hours to the benefit of Logisticare without pay.

88. Logisticare was aware that Plaintiff Chapman and the Michigan Class Members worked through their respective computer start-up times and after their shifts ended without compensation and further, caused them to continue to work through their respective computer start-up times and after their shifts ended while off the clock and without pay.

89. Logisticare has therefore benefited from services rendered by Plaintiff

Chapman and the Michigan Class Members and would be inequitable for Logisticare to retain the benefit of Plaintiff Chapman and the Michigan Class Members' services without paying fair value for them.

### B.    CLASS ACTION ALLEGATIONS

90. All previous paragraphs are incorporated as though fully set forth herein.

91. Plaintiff Chapman and the Michigan Class Members bring their Michigan unjust enrichment claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Logisticare to work in Michigan since October 8, 2014. *See* MICH. COMP. LAWS ANN. § 600.5813.

92. Class action treatment of Plaintiff Chapman and the Michigan Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

93. The number of Michigan Class Members is so numerous that joinder of all class members is impracticable.

94. Plaintiff Chapman's claims share common questions of law and fact with the claims of the Michigan Class Members.

95. Plaintiff Chapman is a member of the Michigan Class and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

96. Plaintiff Chapman and her counsel will fairly and adequately represent the class members and their interests.

97. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

98. Accordingly, the Michigan Class should be certified as defined in Paragraph 83.

## VI.
## RELIEF SOUGHT

99. Plaintiff respectfully prays for judgment against Logisticare as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Logisticare to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members

   b. For an Order certifying the Michigan Class as defined in Paragraph 83 and designating Plaintiff Chapman as the Class Representative of the Michigan Class;

   c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order pursuant to Section 16(b) of the FLSA finding Logisticare liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal

in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

      e.      For an Order pursuant to Michigan law awarding Plaintiff Chapman and the Michigan Class Members unpaid wages and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Chapman a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Defendant, at Defendant's expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:  October 28, 2020             Respectfully submitted,

                                  By:    */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Jennifer McManus**
Michigan Bar No.
jmcmanus@faganlawpc.com
**FAGAN MCMANUS, P.C.**
25892 Woodward Avenue
Royal Oak, Michigan
Telephone: (248) 658-8951
Facsimile: (248) 542-6301

***Attorneys in Charge for Plaintiff and Putative Class Members***